Erron PAPILLION, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–94–202 CR.

Court of Appeals of Texas,
Beaumont.

Submitted May 11, 1995.

Decided Oct. 25, 1995.

George Barron, Orange, for appellant.

John Kimbrough, County Attorney, Orange, Gary R. Bonneaux, Assistant County Attorney, Orange, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Possession of a Controlled Substance. Appellant was assessed eight (8) years' confinement in the Texas Department of Criminal Justice, Institutional Division. The record before us reflects that appellant waived his right to a jury trial and pleaded guilty to the trial *with the benefit of a negotiated plea bargain.* The transcript contains an instrument entitled "Agreed Punishment Recommendation," which is signed by appellant, appellant's trial counsel, and the attorney for the State. The agreement contains the following language:

As a result of the negotiations between the parties, it is mutually recommended to the Court that:

(x) Punishment is assessed at 6 years in the Texas Department of Criminal Justice–Institutional Division and a fine of $.00. (x) Other recommendations: Dismissal of A920331.

All parties understand that in the event that the Court rejects this agreement, the Defendant will be permitted to withdraw his plea and no statement or other evidence received during the plea may be admitted against the Defendant on the issue of guilt or punishment in any subsequent criminal proceeding, in accordance with Art. 26.13 C.C.P....

The statement of facts from the plea proceeding reflects that the trial court attempted to admonish appellant as required by TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989 & Vernon Supp.1995), including inquiring as to any agreed punishment recommendation. The trial court had before it the written punishment recommendation containing the agreed confinement period of six years. The appellant orally acknowledged the agreement and his acceptance of the terms of the agreement. Shortly thereafter, the State introduced appellant's judicial confession without objection, and the proceedings appeared to be ready to conclude as the trial court reset the case for sentencing following the submission of the presentence investigation. However, immediately after announcing the date and time for sentencing, the following colloquy took place:

[The Court]: All right, Mr. Papillion, I'm going to give you two orders now. The first order that I'm going to give you is as soon as we finish here, you go across the street right there to the Probation Department to begin your presentence investigation. The second thing is that you are ordered to be back here on March 11th at 9:00 a.m.

The Defendant: Yes, sir.

The Court: If you fail to carry out one or both of these orders, I will go ahead and assess punishment on that day. Do you understand?

The Defendant: Yes, sir.

The Court: And if you don't do as I'm ordering you, I'm not going to be bound to this plea bargaining agreement; and if I want to assess something different, I will do so on that day. Do you understand?

The Defendant: Yes, sir.

The Court: All right. Are you still satisfied?

The Defendant: Yes, sir.

The Court: You can back out of all of this if you wanted to, but you still want to go forward?

The Defendant: Yes, sir.

The Court: All right. Then, y'all are excused.

The statement of facts from the punishment proceeding reflects that appellant failed to keep several appointments with the probation department regarding his presentence investigation. A portion of the statement of facts from the sentencing proceeding is reproduced as follows:

The Court: Your bondsman told you there was a warrant out for you?

Mr. Papillion: Yeah.

The Court: So, since there was warrant out for you, you just choose not to go have the pre-sentence investigation done?

Mr. Papillion: I didn't know what to do, and I couldn't get in touch with my attorney.

The Court: Well, the fact remains, Mr. Papillion, that by doing that you give me the option of giving you up to twenty years in the penitentiary, because that is what I warned you about by violating my order. Whether you wanted to get picked up or not. I warned you about that.

I am going to proceed with sentencing, but I am going to think about what I am going to do with you. The Court will be in a short recess. Just have a seat.

(Whereupon there was a brief recess, after which the hearing proceeded as follows, to-wit:)

The Court: The Court is going to proceed in this matter with the understanding that the Court is finding, also, that you have violated one of the orders that I gave you, as I admonished you about.

The Court, having heard your plea and the evidence introduced, the Court finds

you guilty as charged of the offense of possession of a controlled substance, a felony in Cause No. A–920,308, and assesses your punishment at eight years confinement in the Texas Department of Corrections (sic).

Do you have anything to say as to why the sentence of the Court should not be pronounced against you at this time?

Mr. Papillion: That's two years added?

The Court: That's right. It could have been fourteen years added, but I added two. Any other questions?

Mr. Papillion: No, sir. I'd have to talk to my attorney.

The Court: You will get that opportunity.

The defendant, having nothing to say in bar, it is the order of the Court that you, Erron Papillion, who has been ajudged (sic) to be guilty of the offense of possession of a controlled substance, a felony in Cause No. A–920,308, and whose punishment has been assessed at confinement in the Texas Department of Corrections (sic) for eight years, be delivered by the Sheriff of Orange County, Texas. . . .

The record should reflect that the Court, as a result of the defendant's actions did not go along with the plea bargain agreement.

. . . .

Appellant's sole point of error states:

The trial court committed reversible error in refusing to follow the plea agreement between the appellant and the state by sentencing the appellant to a term of confinement in excess of the plea bargain agreement without permitting the appellant to withdraw his plea of guilty.

■ This somewhat ambiguous point of error is followed up by appellant's argument that while the trial court had the authority under Article 26.13 to reject the agreed punishment recommendation, the trial court could not reject said recommendation and then fail to permit appellant to withdraw his plea of guilty. The State counters with the assertion that because appellant never requested permission to withdraw his plea of

guilty he has not preserved this issue for appellate review.

In *Issa v. State*, 826 S.W.2d 159, 160–161 (Tex.Crim.App.1992), the Court held that when an appellant has no opportunity to object to the trial court's action until after that action has taken place, the raising of the objection in a timely filed motion for new trial will preserve the error for appellate review. In the instant case, appellant timely filed a motion for new trial which complained of the trial court failing to permit withdrawal of the plea of guilty following its rejection of the agreed punishment recommendation. As the portion of the sentencing hearing set out above reflects, the trial court initially spoke in terms of immediately sentencing appellant because appellant "violated one of the orders I gave you." It was only following the final pronouncement of sentence that the trial court clearly stated that ". . . the Court, as a result of the defendant's actions did not go along with the plea bargain agreement." Immediately following those words, the trial court informed appellant he had a right to appeal and informed him of appellate timetables. We find the instant circumstances to be similar enough to those described in *Issa* so as to permit the issue to be preserved for appellate review.

■ The pertinent part of the Code of Criminal Procedure involved in this appeal is found in art. 26.13(a)(2), which provides:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

.     .     .     .     .

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court *shall* inform the defendant whether it will follow or reject such agreement in open court *and before any finding on the plea.* Should the court reject any such agreement, the defendant *shall* be permitted to withdraw his plea of guilty or nolo contendere; . . . (emphasis added)

**624**

■ The record before us reflects that not only did the trial court "accept[ ] the Defendant's plea of guilty to this charge" at the plea proceeding, but the trial court also found appellant guilty of the charged offense at the sentencing hearing having, in both cases, made said findings *before* informing appellant whether or not the trial court was accepting or rejecting the punishment recommendation. Such constitutes reversable violation of the mandatory requirements of Article 26.13(a)(2). It has been held that a complete failure to admonish a defendant under Article 26.13 as to range of punishment [*Ex parte McAtee,* 599 S.W.2d 335 (Tex.Crim.App.1980)], and as to the possibility of deportation if not a citizen [*Morales v. State,* 872 S.W.2d 753 (Tex.Crim.App.1994)], is reversible error and not subject to a harm analysis. In the instant case, we have the analogous situation in which the trial court failed to provide an accused with a statutorily mandated admonishment before adjudicating and sentencing said accused where a negotiated punishment recommendation was in existence. We, therefore, hold that where a defendant pleads guilty or nolo contendere to the trial court with the benefit of a negotiated punishment recommendation, the trial court commits reversible error by making any finding on said guilty or nolo plea without *first* informing the defendant whether the court accepts or rejects the said negotiated punishment recommendation *and then* affirmatively inquiring as to whether or not the defendant wishes to withdraw his plea of guilty or nolo contendere if the trial court rejects said punishment recommendation. Said error is reversible and not subject to a harm analysis.

Appellant relies on *Mayfield v. Giblin,* 795 S.W.2d 852 (Tex.App.—Beaumont 1990, orig. proceeding [leave denied]), for the general proposition that an accused has a right to withdraw his plea of guilty. In examining *Mayfield,* we find that it is, at best, ambiguous on the issue. Therefore, we now disapprove any language in *Mayfield* that is either ambiguous or contrary to the holding in the instant appeal.

■ In the instant case, we point out that what the trial court did, in effect, was to enter into the plea negotiations between the State and appellant by orally inserting into the written agreement the court's two orders. These orders became, in effect, plea bargain terms that were not part of any negotiations between the State or appellant. In *Contreras v. State,* 658 S.W.2d 334, 338 (Tex.App.—Austin 1983, no pet.), the Court made the following observations:

A plea bargain is an agreement made between the prosecution and the defendant; the trial judge's role is to approve or reject the agreement. *See Ex parte Williams,* [637 S.W.2d 943 (Tex.Crim.App.1982)]. It is not the trial judge's function to modify the terms of the plea bargain agreement.

We find *Contreras* instructive, in that, in the present case, the trial court exceeded its authority under art. 26.13 when it inserted additional, non-negotiated terms into the negotiated plea bargain between the State and appellant, and then made acceptance or rejection of said plea bargain contingent on whether or not appellant complied with said additional, non-negotiated terms.

For all of the reasons set out above, we sustain appellant's point of error. We reverse the judgment and sentence of the trial court and remand the cause to said court for a new trial on the merits.

REVERSED AND REMANDED.