Johnny MEDINA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00786–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 23, 1998.

Brock Huffman, Law Office of Brock Huffman, San Antonio, for Appellant.

Judy Madewell, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

1. Medina's first and second points of error address trial court error while his third point of error addresses voluntariness of the plea in the

## OPINION

PAUL W. GREEN, Justice.

Johnny Medina pled guilty to sexual assault and, pursuant to a plea bargain, received a ten-year sentence. On appeal, Medina contends his plea was involuntary because the trial court failed to admonish him about the non-binding effect of his plea and failed to announce whether it would follow the plea. On November 12, 1998, we issued an opinion affirming Medina's conviction. On November 25, 1998, the Court of Criminal Appeals issued *Carranza v. State*, 980 S.W.2d 653 (Tex.Crim.App.1998), which discussed harm in cases involving statutory admonishments. To address *Carranza*, we withdraw our prior opinion and substitute it with this one. Finding no reversible error, we affirm.

### Standard and Scope of Review

■ To ensure a plea is voluntary, the trial court must admonish a defendant about the consequences of the defendant's plea. *See* Tex.Code Crim. Proc. Ann. art. 26.13(a-b) (Vernon 1989). When the trial court properly admonishes the defendant, voluntariness is presumed. *Crawford v. State*, 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.). The burden then shifts to the defendant to show he pled guilty without understanding the consequences of his plea and, as a result, suffered harm. *Id.; see also* Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989). When the trial court fails to substantially comply with the statutory admonishments, we must reverse and remand if the defendant was not aware of the consequences of his plea and was misled or harmed by the trial court's error. *Carranza*, 980 S.W.2d at 657.

### Non-binding Nature of the Plea

■ In his first and third points of error, Medina contends his plea was involuntary because the trial court failed to properly admonish him about the non-binding nature of his plea.[1] As the State concedes, Medina was not orally admonished. However, he was admonished in writing. Medina chal-

context of the first two points. Because the points are intertwined, we address them as issues. *See* Tex.R.App. P. 38.1(e).

lenges the written admonition because the trial court did not "receive and approve" it. The State maintains the admonition was received and approved, as evidenced by the trial court's signature. We agree with the State.

■ The Code of Criminal Procedure requires the trial court to admonish a defendant "that the recommendation of the prosecuting attorney as to punishment is not binding on the court." TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon 1989). The admonition may be made orally or in writing. *Id.* art. 26.13(d). If the court makes the admonition in writing, "it must *receive* a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id.* (emphasis added). The "receiving requirement" is satisfied when the court signs the written admonition and the clerk files it. *Armstrong v. State,* 911 S.W.2d 133, 135 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd).

In this case, Medina signed a written admonition that described the non-binding nature of the plea and indicated that Medina understood the admonition. Although the written admonition was not entered into evidence during the plea hearing, it was signed by the trial court and filed by the clerk a month before the plea hearing. Thus, the trial court properly received Medina's written admonition.

Medina fails to show that he was unaware of the consequences of his plea or that he was misled by the trial court's written admonishment. In other words, Medina does not rebut the presumption that his plea was voluntary. Accordingly, we overrule his first point of error and that part of his third point of error addressing the non-binding nature of his plea.

### Following or Rejecting the Plea

■ In his second and third points of error, Medina alleges his plea was involuntary

because the trial court failed to announce whether it would follow or reject the plea bargain as required by article 26.13(a)(2) of the Code of Criminal Procedure.[2] According to Medina, the trial court's failure to make the announcement constitutes reversible error, not subject to harm analysis. The State concedes the trial court did not make the announcement but contends the error was harmless. We agree with the State.

As authority for his position, Medina relies on *Papillion v. State,* 908 S.W.2d 621, 624 (Tex.App.—Beaumont 1995, no pet.), where the court of appeals held that harm analysis does not apply to the court's failure to accept the punishment recommendation. *Papillion,* however, was reversed sub silentio by *Carranza,* where the Court of Criminal Appeals held that failure to comply with article 26.13 was subject to the harm analysis found in article 26.13(b) of the Code of Criminal Procedure. *Carran,* 980 S.W.2d at 657 (citing *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim. App.1997)).

At Medina's plea hearing, the prosecutor recommended a ten-year cap on punishment. By resetting the hearing to obtain a presentence report, the trial court implicitly accepted the recommendation. After reviewing the presentence report, the trial court assessed ten years confinement. At no point did Medina express an interest in withdrawing his plea or indicate he was unaware of the consequences of his plea. On appeal, he does not suggest how he was harmed by the trial court's failure to announce that it accepted the plea bargain. Accordingly, we hold that the court's failure to announce his acceptance of the bargain was not harmful and that Medina's plea was not involuntary. *See Garcia v. State,* 960 S.W.2d 151, 154–55, 157 (Tex.App.—Corpus Christi 1997, no pet.) (finding no harm in the court's failure to orally accept the plea bargain).[3] Thus, we overrule Medina's second point of error and that part of his third point addressing the court's acceptance of the plea bargain.

---

2. The trial court "shall inform the defendant whether it will follow or reject [a plea] agreement in open court and before any finding on the plea." TEX.CODE CRIM PROC. ANN. art. 26.13(a)(2) (Vernon 1989).

3. Although we decline to follow *Papillion,* we note that the defendant in that case, unlike Medina, received a greater punishment than that recommended by the prosecutor. 908 S.W.2d at 621–22.

## Conclusion

Having overruled Medina's points of error, we affirm the trial court's judgment.