CONCURRING OPINION



No. 04-98-00143-CR



John GABRIEL,


Appellant



v.



The STATE of Texas,


Appellee



From the 226th Judicial District Court, Bexar County, Texas 


Trial Court No. 97-CR-0984


Honorable Sid L. Harle, Judge Presiding



Opinion by: Sarah B. Duncan, Justice

Concurring opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: August 18, 1999


 I concur with the majority decision affirming Gabriel's conviction. I write separately,
however, to address Gabriel's contention that he presented uncontradicted testimony that he was
misinformed by his attorney about his chances of receiving probation or deferred adjudication.

 Gabriel testified at the motion for new trial that his trial counsel promised him that he would
receive deferred adjudication. Trial counsel testified that although he thought Gabriel had only "a
small shot at probation," he did not tell Gabriel that. Rather, he told Gabriel that he had "a few
humps to get over." On appeal Gabriel contends this testimony amounts to uncontroverted evidence
that trial counsel misinformed Gabriel about whether he should proceed before the judge or a jury,
and about his chances of receiving probation or deferred adjudication.

 Informing a criminal defendant with a lengthy history of prior criminal convictions(1) that he
has a "few humps to get over" is perhaps not the most forthright description of the defendant's
situation. Nonetheless, such comments do not rise to the level of misinformation. Cf. Flowers v.
State, 951 S.W.2d 883, 886 (Tex. App.­San Antonio 1997, no pet.) (finding plea of nolo contendere
involuntary where attorney erroneously informed appellant that he would not be subject to
incarceration, as a condition of probation or otherwise). Regardless of counsel's mild description
of Gabriel's situation, the record does not support the conclusion that Gabriel involuntarily entered
his guilty plea. Gabriel signed written admonishments which informed him of the full range of
punishment for the offense, and he was orally admonished by the trial judge. Evidence of these
written and oral admonishments alone supports a finding that Gabriel's plea was voluntary absent
proof to the contrary. See Medina v. State, 985 S.W.2d 192, 193-94 (Tex. App.­San Antonio 1998,
no pet.). Accordingly, I concur in the affirmance of Gabriel's conviction and sentence.


 Catherine Stone, Justice

DO NOT PUBLISH

1. The record indicates that Gabriel had nine prior convictions.