In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-213 CR


____________________



JULIO DELOSSANTOS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 82181






OPINION


 Julio Delossantos (1) pleaded guilty to the second degree felony offense of possession
of a controlled substance, cocaine, in an amount of at least four (4) grams or more and less
than two hundred (200) grams. Tex. Health & Safety Code Ann. § 481.115 (a),(d)
(Vernon Supp. 2001). A plea bargain agreement was filed with the trial court. The trial
court accepted the plea, convicted Delossantos, and imposed a sentence of five (5) years
of incarceration in the Texas Department of Criminal Justice, Institutional Division. 
Delossantos filed a general notice of appeal. The sole issue presented on appeal contends,
"Reversible error occurred when the trial court failed to permit appellant to withdraw his
plea after failing to follow a plea bargain agreement." 

 If an appeal is from a judgment rendered on the defendant's plea of guilty under
Article 1.15 of the Texas Code of Criminal Procedure, and the punishment assessed by the
trial court does not exceed the punishment recommended by the prosecutor and agreed to
by the defendant, the notice of appeal must either specify that the appeal is for a
jurisdictional defect, specify that the substance of the appeal was raised by written motion
and ruled on before trial, or state that the trial court granted permission to appeal. Tex.
R. App. P. 25.2(b)(3). Failure to comply with the rule deprives the appellate court of
jurisdiction, even to consider whether the plea was knowingly and voluntarily entered. 
Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001). Since Delossantos filed a general
notice of appeal, which does not reflect that the trial court granted permission to appeal,
and he pleaded guilty pursuant to a plea bargain agreement, appellate jurisdiction will lie
only if the trial court exceeded the punishment agreed upon by Delossantos and the State.

 The written plea bargain agreement between Delossantos and the State provided,
"The defendant's punishment will not exceed a cap of 5 years in the Institutional
Division." During the plea proceeding, the judge correctly recited the prosecution's
agreement that "in no event should the prison term exceed 5 years," and acknowledged
that the defendant was "asking for deferred probation." The judge accepted the plea and
deferred further proceedings for preparation of the presentence investigation report.
During the sentencing proceeding, the trial court stated, "Tell him that I find him guilty
and that he's sentence to 10 years in the Texas prison system." Defense counsel promptly
informed the court that there was a five year cap on the case. The trial court responded,
"Tell him that I overlooked the agreement with the District Attorney that y'all made. That
it's changed to 5 years, not 10 years." The sentencing hearing concluded without further
motion or objection. Delossantos did not file a motion for new trial.

 On appeal, Delossantos argues that the trial court erred in rejecting the plea bargain
agreement without affording the accused the opportunity to withdraw his plea, and that the
trial court's action in changing the sentence from 10 years to 5 years was tantamount to
the granting of a new trial as to punishment only. Neither argument is supported by the
record. The situation here present is distinguishable from instances in which the sentence
is pronounced, accepted by the defendant, and imposed by the court, then altered by the
judge. See State v. Dickerson, 864 S.W.2d 761, 763 (Tex. App.--Houston [1st Dist.]
1993, no pet.); Tooke v. State, 642 S.W.2d 514 (Tex. App.--Houston [14th Dist.] 1982,
no pet.). In this case, there was no "new" trial granted; the trial had not concluded when
the plea bargain agreement was brought to the attention of the trial court. Delossantos did
not accept the sentence; defense counsel objected. Thus, the sentence imposed upon the
appellant was for five years of incarceration, not ten. 

 Delossantos relies upon a case out of this Court, Papillion v. State, 908 S.W.2d
621, 623 (Tex. App.--Beaumont 1995, no pet.). No jurisdictional issue arose in Papillion
because the trial court exceeded the plea bargain agreement in that case. (2)

 We hold that the trial court followed the terms of the plea bargain agreement
between Delossantos and the State. Accordingly, Rule 25.2(b)(3) applies to this appeal. 
The appeal is dismissed for lack of jurisdiction.

 APPEAL DISMISSED. 

 PER CURIAM



Submitted on December 12, 2001

Opinion Delivered December 19, 2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. We refer to the appellant's name as it appears in the indictment. In the plea
memoranda, the appellant signed as "Julio De los Santos." 
2. Id. at 624. Papillion is distinguishable from this case in two other respects. In
Papillion, a motion for new trial was filed. Id. at 623. Delossantos waived any error that
may have occurred because he neither sought to withdraw his plea, nor did he file a motion
for new trial. Second, any error in failing to announce whether the court would accept the
plea bargain agreement cannot be reversible error if the error is harmless. See Garcia v.
State, 960 S.W.2d 151, 155 (Tex. App.--Corpus Christi 1997, no pet.). In Papillion, the
judge imposed an eight year sentence when the parties had negotiated a six year sentence. 
Id. at 624. Here, the judge followed the terms of the plea bargain agreement.