NUMBER 13-01-367-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                           CORPUS CHRISTI

 



 

DAVID GLORIA,                                                      Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 



 

                   On appeal from the 25th District Court

                          of Gonzales
County, Texas.

 



 

                              O P I N I O N

 

         Before Chief Justice Valdez and Justices Hinojosa
and Castillo

                                  Opinion by Justice Castillo

 








Appellant, David
Gloria, pled guilty to the offense of assault against a public servant[1]
and was sentenced to five years in prison. 
In a single issue, appellant argues that the trial court erred in
sentencing him in excess of a plea agreement. 
Appellant asserts that the trial court was required, and failed, to
follow the plea bargain agreement.  The
State argues that appellant acquiesced to the modification of the plea
agreement by the trial court.   We find
that the issue was not preserved and affirm.

  FACTS

On January 12, 2001,
appellant was indicted for the offense of assault against a public
servant.  His case was set for a plea on
March 26, 2001.  Appellant reached a plea
agreement with the State for a three year prison term.   At the plea hearing, the judge announced
that he would accept the plea agreement, found that there was sufficient
evidence to find appellant guilty, but opted not to enter a finding of guilt at
that time.  The judge reset the case for Asentencing@ to be held on April
23, 2001, at 9:00 a.m., due to appellant=s request for some
time to resolve some personal business.  
But the judge told appellant:

If you appear on that
day, I will sentence you in accordance with the plea bargain to three years
confinement.  If you do not appear on
that day for sentencing, I will feel free to sentence you anywhere within the
range of punishment which includes up to ten years confinement.  Do you understand?

 

Appellant responded, AYes, sir.@ 

On April 23, 2001, the
appellant arrived thirty minutes late to court. 
He explained to the judge that he overslept.  The following colloquy then occurred:








JUDGE:                 You
overslept. Well, that impresses me real, real, real well. You overslept. What=s it going to cost you
to have overslept that much this morning. Do you remember telling me that if
you showed up on time today that I would give you three years? Do you remember
that?

 

APPELLANT:          Yes, sir.

 

JUDGE:                 Do you
also remember, I told you if you didn=t show up on time, if
we had to go find you - - 

 

APPELLANT:          But nobody
had to go find me; I showed up.

 

JUDGE:                 Sir?

 

APPELLANT:          They didn=t have to go find me;
I showed up.

 

JUDGE:                 Yes, but
you were still late.

 

APPELLANT:          I=m late like 30 - - 

 

JUDGE:                 I don=t intend to give you
10 years, but I=m going to give you
more than three.  Do you remember that
conversation we had?

 

APPELLANT:          Yes,
sir.

JUDGE:                 You=re not claiming any
kind of surprise, are you?

APPELLANT:          No.

JUDGE:                 You knew
this could happen if you showed up late, and you showed up late, didn=t you? It=s a yes or no answer.

 

APPELLANT:          Yes,
sir.

JUDGE:                 Okay.
Well, Mr. Gloria, at this time I will find you guilty of the offense of assault
against a public servant. Do you have anything to say before I sentence you?

 








APPELLANT:          No, sir.

 

JUDGE:                 Do you
have anything to say on behalf of your client, Mr. [Defense Counsel]?

 

DEFENSE COUNSEL:       No, sir.

 

The trial court then sentenced appellant to five years imprisonment,
notified appellant of his right to appeal and to file a motion for new trial,
advised appellant that his defense counsel would continue to represent him
unless he could not, in which case another attorney would be appointed, and
then asked appellant if he understood, to which appellant responded in the
affirmative.

The judge then asked appellant, ADo you have a question
about anything that=s happened?@  Appellant responded, ANo, sir.@  The court further queried, ADo you understand what=s going on? Yes?@ and appellant
answered, AYes, sir.@  The trial judge then ordered appellant to be
taken into custody.

Notice of appeal was filed on May 21, 2001.  No post-sentencing motions, aside from a
request for a reporter=s record and
designation of clerk=s record on appeal,
were filed.  No motion for new trial was
filed. 

PRESERVATION OF ERROR

We do not reach the merits of appellant=s argument because we find that appellant has
failed to preserve error as to the sole issue presented.   








Although the judge
made it clear to appellant at the second hearing that he was not going to
follow the plea agreement, appellant made no request to withdraw his guilty
plea, nor did he protest the trial court=s action in not
following the plea agreement. 
Additionally, before the sentence was pronounced, the judge gave the
defendant an opportunity to give any reason why the judge should not pronounce
sentence.  Appellant could have, but did
not, use such opportunity to raise a protest or objection that the judge was
not following the agreement, or ask to withdraw his plea.  The trial court similarly gave defense
counsel an opportunity to speak prior to pronouncing sentence and counsel also
did not lodge an objection or assert that the trial court was bound to follow
the plea agreement.  Nor did counsel
attempt to have his client withdraw his plea.  
After the sentence was announced, neither appellant  nor his counsel made any objection to, or
protest of, the sentence or the trial court=s actions.  
Appellant did not file a post-sentencing motion requesting permission to
withdraw his plea.  Appellant filed no
motion for new trial alleging that the court erred in the sentencing or in not
following the plea bargain agreement. 
Appellant never made such complaint to the trial court and raises it for
the first time on appeal.  








To preserve an error
for appellate review, a party must present a timely objection to the trial
court, state the specific grounds for the objection, and obtain a ruling.  Tex. R.
App. P. 33.1(a).   As a general rule, an appellant may not
complain of an error pertaining to his sentence or punishment if he has failed
to object or otherwise raise error in the trial court.  Mercado v. State, 718 S.W.2d
291, 296 (Tex. Crim. App. 1986).  In the
present case, appellant has wholly failed to do so and thus has not preserved
any complaint for our review.    Cf.
Papillion v. State, 908 S.W.2d 621, 623 (Tex. App.BBeaumont 1995, no
pet.)(where judge refused to follow previously conditionally accepted  plea bargain, and defendant failed to object
to this failure at sentencing or request to withdraw his plea, issue was
nevertheless preserved for appellate review by virtue of defendant=s timely filed motion
for new trial, raising such issue);[2]
see also Lanum v. State, 952 S.W.2d 36, 40 (Tex. App.BSan Antonio 1997, no
pet.)(where defendant alleged that he was not given an opportunity to withdraw
his plea of Atrue@ when trial court
failed to follow probation officer=s recommended
sentence, but defendant never requested permission to withdraw his plea at the
hearing or in a motion for new trial, issue was waived).  We overrule appellant=s issue on appeal.

CONCLUSION

As we have found that
appellant failed to preserve his sole issue for our review, we affirm the
decision of the trial court.                                                                       

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 22nd day of
August, 2002.           











[1]
Tex. Pen. Code Ann. '22.01(b)(1)(Vernon
Supp. 2002). 





[2]
The reviewing court noted that when a defendant has no opportunity to object to
a trial court=s action until
after it takes place, a defendant may still preserve error by raising the
objection in a timely filed motion for new trial.  Papillion v. State, 908 S.W.2d 621,
623 (Tex. App.BBeaumont 1995,
no pet.)(citing Issa v. State, 826 S.W.2d 159, 160-61 (Tex. Crim. App.
1992)).  As noted, appellant in the
instant case neither objected at the time of the sentencing nor by way of a
motion for new trial. We observe also that the present case, like Papillion,
also seems to involve the conditional acceptance of a plea.  See also Ortiz v. State, 933
S.W.2d 102, 104 (Tex. Crim. App. 1996)(where trial court initially said that he
was going to accept the plea agreement, but then stated that he was only going
to find that the evidence substantiated the defendant=s
guilt, not make any decisions that day, and defer a finding of guilt until
after the preparation of a presentence investigation report, there was no
acceptance of the plea agreement and the trial court was not bound to follow
it).  However, as we do not reach the
merits, we need not decide whether the trial court conditionally accepted the
plea agreement, never accepted the plea agreement, modified the plea agreement
with appellant=s consent, or
accepted the plea agreement and then refused to follow it.