COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-06-168-CR

 

 

JOSHUA JOEL MOORE                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 97TH DISTRICT
COURT OF MONTAGUE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION

ON
STATE=S
PETITION FOR DISCRETIONARY REVIEW[1]

 

                                              ------------

Pursuant to Texas Rule of
Appellate Procedure 50, we withdraw our November 30, 2006 opinion and judgment
and substitute the following.  Tex. R. App. P. 50.  We write to clarify three sentences in our
prior opinion and to document the inherent difficulties presented by the type
of Anegotiated guilty plea@ for an uncertain sentence that was utilized here.








On March 14, 2006, the trial
court arraigned Moore on an indictment charging him with the felony offense of
manufacturing a controlled substance, methamphetamine, four grams or more but
less than 200 grams.  Moore entered into
a Aplea bargain agreement@ with the State, which provided that, following a six-week release
period, he would be sentenced to twenty-five years= confinement so long as he appeared at the sentencing hearing and did
not commit another criminal offense during the six-week release.  If Moore failed to satisfy these two
conditions precedent[2]
by failing to appear at the sentencing hearing or committing another criminal
offense, his plea would automatically become an open pleaCthus giving the trial court discretion to extend Moore=s originally agreed-upon term of confinement.  The trial court approved this conditional
plea bargain agreement, and Moore pleaded guilty.  

Moore appeared at the
sentencing hearing six weeks later, but at the hearing the State submitted a
presentence investigation report indicating that Moore had committed an assault
during the six-week release period.  The
trial court reset the sentencing hearing for two weeks later.








When the trial court resumed
the hearing two weeks later, the State called the victim of the alleged assault
committed by Moore during the six-week release period to testify regarding the
assault.  At the hearing=s conclusion, Moore requested that the trial court sentence him to the
agreed-upon twenty-five years= confinement.  The trial court
asked the State if it had a punishment recommendation and the prosecutor said, Ano.@  The trial court then assessed Moore=s punishment at forty years= confinement.[3]













In his sole point, Moore
contends that the trial court erred by not providing him with the opportunity
to withdraw his guilty plea.  Here, the
State required and the trial court imposed what amounts to two conditions
precedent upon the plea agreement.  In
other words, if Moore did not satisfy the two conditions precedent, the State
had no duty to perform its promise of recommending a twenty-five year sentence;
Moore=s guilty plea automatically became an open plea.  

When a defendant enters a
plea agreement with the State, he effectively becomes a party to a contract.  Ex Parte Williams,  637 S.W.2d 943, 947 (Tex. Crim. App.
1982).  This contractual arrangement
reflects a preconviction bargain between the defendant and the State.  See id.; see also Perkins v. Court
of Appeals for Third Supreme Judicial Dist. of Tex., 738 S.W.2d 276, 282
(Tex. Crim. App. 1987).  Plea
bargain agreements arise when a defendant agrees to plead guilty or nolo
contendere in exchange for a reduction in the charge, a promise of sentencing
leniency, a promise of a recommendation from the prosecutor to the trial judge
as to punishment, or some other concession by the prosecutor that he will not
seek to have the trial judge invoke the full maximum implementation of the
judge=s conviction and sentencing authority. 
Perkins, 738 S.W.2d at 282. 
An open plea, on the other hand, reflects a situation in which there are
no agreed recommendations of punishment from the State.  Martin v. State, No. PD-0498-04, 2005
WL 477848, at *3 (Tex. Crim. App. Mar. 2, 2005) (per curiam) (not designated
for publication).








The State argues that once
Moore failed to satisfy the plea agreement=s conditions precedent, the State was not obligated to recommend a
particular punishment; Moore=s plea bargain became a plea bargain to enter an open plea of
guilt.  The State argues that because
this circumstance was specifically contemplated and agreed upon at the time
Moore pleaded guilty, it was part of the initial plea agreement and is
enforceable.  In essence, the State
argues that Moore plea bargained for an open plea if he failed to meet the
condition precedents.  We cannot agree.

By its very terms, a plea
bargain contemplates Aa reduction
in the charge, a promise of sentencing leniency, a promise of a recommendation
from the prosecutor to the trial judge as to punishment, or some other
concession by the prosecutor.@  Perkins, 738 S.W.2d at
282.  A plea bargain for an open plea
contains none of these characteristicsCno reduction in the charge and no promises or concessions.  See id.; accord Ex parte Delaney, 207
S.W.3d 794, 799 (Tex. Crim. App. 2006) (explaining that Awhen there is not a recommended maximum punishment at the time a
waiver is made, the consequences of a waiver cannot be known, and such a waiver
is not knowing and intelligent@).  We decline to hold
that the trial courtCvia
imposition of two conditions precedent on Moore=s plea agreementCcan
retroactively create a negotiated open plea of guilt.








Once the State decided not to
make a punishment recommendation, thereby causing the trial court to Areject@ the
agreed-upon twenty-five year sentence, the trial court was obligated to provide
Moore with the opportunity to withdraw his plea.  See Tex.
Code Crim. Proc. Ann. art. 26.13(a)(2) (Vernon Supp. 2006); Ex Parte
Williams,  637 S.W.2d at 947
(explaining that when trial court rejects an agreed-upon sentence
recommendation, proper relief is to permit withdrawal of the plea).  In fact, a trial court commits reversible
error by making any finding on a guilty plea without first informing the
defendant whether the court accepts or rejects the punishment recommendation
and then affirmatively inquiring as to whether or not the defendant wishes to
withdraw his plea of guilty if the trial court rejects the punishment
recommendation.  Papillion v. State,
908 S.W.2d 621, 624 (Tex. App.CBeaumont 1995, no pet.).

At Moore=s sentencing hearing, the trial court did not enforce the previously
agreed-upon punishment, nor did it afford Moore the opportunity to withdraw his
plea.  Instead, the trial court operated
as if Moore had entered a negotiated open plea of guilt and sentenced Moore to
forty years=
confinement.

We sustain Moore=s sole point.  We reverse the trial court=s judgment and remand the case for further proceedings.

 

 

         SUE WALKER

 JUSTICE

 

PANEL
F: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

 








CAYCE,
C.J. concurs without opinion.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 7, 2007











[1]See Tex. R. App. P. 47.4.





[2]A
condition precedent is A[a]n
act or event, other than a lapse of time, that must exist or occur before a
duty to perform something promised arises.@  Black=s Law Dictionary 312 (8th ed. 2004).  





[3]The
record reflects the trial court=s and the lawyers=
confusion on how this type of conditional plea bargain, which purportedly
transformed into an open plea, could work.

 

THE
COURT: Is this a determination for the Court [whether Moore committed an intervening
offense], or is it a determination for the district attorney=s
office to make a decision on whether or not they are withdrawing their plea
bargain agreement?  And so I don=t
know that I have to make that finding. . . . 

 

. . .
.

 

--
and you-all can tell me.  I=ll
give you a recess if y=all
want to do some research on it, but I=m not sure that=s my
decision that I have to make, that there was an intervening offense that
occurred.  All I have to consider is
whether or not there is a plea bargain agreement or whether or not there=s an
open plea . . . .

 

[DEFENSE
COUNSEL]: My understanding of the plea agreement was that he would enter his
plea, which he has done, and appear today for sentencing, which he has
done.  Whether or not there has been an
intervening offense was a matter - - was a condition imposed by the Court as to
whether or not the Court would consider this to be an open plea or not.

. . .
.

 

[PROSECUTOR]:
I believe going back to the terms of the original plea, what actually occurred
is, the State made a recommendation, stated to the Court the terms of the plea
bargain, essentially, that it would recommend a certain plea at the time of
sentencing, a certain number of years at the time of sentencing unless
intervening acts occurred, unless new acts or a failure to appear before the
sentencing.  As a matter of fact, we are
taking the position that it is now an open plea and that the original
recommendation is withdrawn based upon the intervening circumstances set forth
in the presentence report.

 

So I
don=t
know that the Court, say, turns down the plea. 
My understanding is the plea has already been made and the
recommendation as stated was simply conditional as to whether or not it would
be in force at the time of his sentencing. . . .

 

I
think that takes the confrontation issue out of it.  We=re no longer in a position
where we=re
determining guilt or determining whether the defendant should be found
guilty.  That=s
already been decided under the terms of the plea bargain.  The plea has been entered.  Our position is, we=re
here to proceed with the sentencing[,] and at this point the plea is open. 

 

[DEFENSE COUNSEL]: If
that were so, then that would mean that the district attorney could take the
position that a new offense is committed without introducing any evidence
whatsoever and a defendant could be sentenced to the penitentiary for an
extended period of time based on the fact that the district attorney has
decided that he has committed another offense alone without any evidence
whatsoever. . . .