COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-168-CR

JOSHUA JOEL MOORE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION

ON STATE’S PETITION FOR DISCRETIONARY REVIEW
(footnote: 1)

------------

Pursuant to Texas Rule of Appellate Procedure 50, we withdraw our November 30, 2006 opinion and judgment and substitute the following.
  Tex. R. App. P
. 50.  We write to clarify three sentences in our prior opinion and to document the inherent difficulties presented by the type of 
“negotiated guilty plea” for an uncertain sentence that was utilized here.

On March 14, 2006, the trial court arraigned Moore on an indictment charging him with the felony offense of manufacturing a controlled substance, methamphetamine, four grams or more but less than 200 grams.  Moore entered into a “plea bargain agreement” with the State, which provided that, following a six-week release period, he would be sentenced to twenty-five years’ confinement so long as he appeared at the sentencing hearing and did not commit another criminal offense during the six-week release.  If Moore failed to satisfy these two conditions precedent
(footnote: 2) by failing to appear at the sentencing hearing or committing another criminal offense, his plea would automatically become an open plea—thus giving the trial court discretion to extend Moore’s originally agreed-upon term of confinement.  The trial court approved this conditional plea bargain agreement, 
and Moore pleaded guilty.  

Moore appeared at the sentencing hearing six weeks later, but at the hearing the State submitted a presentence investigation report indicating that Moore had committed an assault during the six-week release period.  The trial court reset the sentencing hearing for two weeks later.

When the trial court resumed the hearing two weeks later, the State called the victim of the alleged assault committed by Moore during the six-week release period to testify regarding the assault.  At the hearing’s conclusion, Moore requested that the trial court sentence him to the agreed-upon twenty-five years’ confinement.  The trial court asked the State if it had a punishment recommendation and the prosecutor said, “no.”  The trial court then assessed Moore’s punishment at forty years’ confinement.
(footnote: 3)
 In his sole point, Moore contends that the trial court erred by not providing him with the opportunity to withdraw his guilty plea.  Here, the State required and the trial court imposed what amounts to two conditions precedent upon the plea agreement.  In other words, if Moore did not satisfy the two conditions precedent, the State had no duty to perform its promise of recommending a twenty-five year sentence; Moore’s guilty plea automatically became an open plea.  

When a defendant enters a plea agreement with the State, he effectively becomes a party to a contract.  
Ex Parte Williams
,  637 S.W.2d 943, 947 (Tex. Crim. App. 1982).  
This contractual arrangement reflects a preconviction bargain between the defendant and the State.  
See id.
;
 see also Perkins v. Court of Appeals for Third Supreme Judicial Dist. of Tex., 
738 S.W.2d 276, 282 (Tex. Crim. App. 1987)
. 
 Plea bargain agreements arise when a defendant agrees to plead guilty or nolo contendere in exchange for a reduction in the charge, a promise of sentencing leniency, a promise of a recommendation from the prosecutor to the trial judge as to punishment, or some other concession by the prosecutor that he will not seek to have the trial judge invoke the full maximum implementation of the judge’s conviction and sentencing authority.  
Perkins
, 738 S.W.2d at 282.  An open plea, on the other hand, reflects a situation in which there are no agreed recommendations of punishment from the State.  
Martin v. State
, No. PD-0498-04, 2005 WL 477848, at *3 (Tex. Crim. App. Mar. 2, 2005) (per curiam) (not designated for publication).

The State argues that once Moore failed to satisfy the plea agreement’s conditions precedent, the State was not obligated to recommend a particular punishment; Moore’s plea bargain became a plea bargain to enter an open plea of guilt.  
The State argues that because this circumstance was specifically contemplated and agreed upon at the time Moore pleaded guilty, it was part of the initial plea agreement and is enforceable.  In essence, the State argues that Moore plea bargained for an open plea if he failed to meet the condition precedents.  We cannot agree.

By its very terms, a plea bargain contemplates “a reduction in the charge, a promise of sentencing leniency, a promise of a recommendation from the prosecutor to the trial judge as to punishment, or some other concession by the prosecutor.”  
Perkins
, 738 S.W.2d at 282.  A plea bargain for an open plea contains none of these characteristics—no reduction in the charge and no promises or concessions.  
See id.; accord Ex parte Delaney, 
207 S.W.3d 794, 799 (Tex. Crim. App. 2006) (explaining that “when there is not a recommended maximum punishment at the time a waiver is made, the consequences of a waiver cannot be known, and such a waiver is not knowing and intelligent”).
  
We decline to hold that the trial court—via imposition of two conditions precedent on Moore’s plea agreement—can retroactively create a negotiated open plea of guilt.

Once the State decided not to make a punishment recommendation, thereby causing the trial court to “reject” the agreed-upon twenty-five year sentence, the trial court was obligated to provide Moore with the opportunity to withdraw his plea.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(2) (Vernon Supp. 2006); 
Ex Parte Williams
,  637 S.W.2d at 947 (explaining that when trial court rejects an agreed-upon sentence recommendation, proper relief is to permit withdrawal of the plea).  
In fact, a trial court commits reversible error by making any finding on a guilty plea without first informing the defendant whether the court accepts or rejects the punishment recommendation and then affirmatively inquiring as to whether or not the defendant wishes to withdraw his plea of guilty if the trial court rejects the punishment recommendation.  
Papillion v. State
, 908 S.W.2d 621, 624 (Tex. App.—Beaumont 1995, no pet.).

At Moore’s sentencing hearing, the trial court did not enforce the previously agreed-upon punishment, nor did it afford Moore the opportunity to withdraw his plea.  Instead, the trial court operated as if Moore had entered a negotiated open plea of guilt and sentenced Moore to forty years’ confinement.

We sustain Moore’s sole point.
  
We reverse the trial court’s judgment and remand the case for further proceedings.

         SUE WALKER

 JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

CAYCE, C.J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 7, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
A condition precedent is “[a]n act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises.”  
Black’s Law Dictionary 
312 (8th
 ed. 2004).  

3:
The record reflects the trial court’s and the lawyers’ confusion on how this type of conditional plea bargain, which purportedly transformed into an open plea, could work.

THE COURT: Is this a determination for the Court [whether Moore committed an intervening offense], or is it a determination for the district attorney’s office to make a decision on whether or not they are withdrawing their plea bargain agreement?  And so I don’t know that I have to make that finding. . . . 

. . . .

-- and you-all can tell me.  I’ll give you a recess if y’all want to do some research on it, but I’m not sure that’s my decision that I have to make, that there was an intervening offense that occurred.  All I have to consider is whether or not there is a plea bargain agreement or whether or not there’s an open plea . . . .

[DEFENSE COUNSEL]: My understanding of the plea agreement was that he would enter his plea, which he has done, and appear today for sentencing, which he has done.  Whether or not there has been an intervening offense was a matter - - was a condition imposed by the Court as to whether or not the Court would consider this to be an open plea or not.

. . . .

[PROSECUTOR]: I believe going back to the terms of the original plea, what actually occurred is, the State made a recommendation, stated to the Court the terms of the plea bargain, essentially, that it would recommend a certain plea at the time of sentencing, a certain number of years at the time of sentencing unless intervening acts occurred, unless new acts or a failure to appear before the sentencing.  As a matter of fact, we are taking the position that it is now an open plea and that the original recommendation is withdrawn based upon the intervening circumstances set forth in the presentence report.

So I don’t know that the Court, say, turns down the plea.  My understanding is the plea has already been made and the recommendation as stated was simply conditional as to whether or not it would be in force at the time of his sentencing. . . .

I think that takes the confrontation issue out of it.  We’re no longer in a position where we’re determining guilt or determining whether the defendant should be found guilty.  That’s already been decided under the terms of the plea bargain.  The plea has been entered.  Our position is, we’re here to proceed with the sentencing[,] and at this point the plea is open. 

[DEFENSE COUNSEL]: If that were so, then that would mean that the district attorney could take the position that a new offense is committed without introducing any evidence whatsoever and a defendant could be sentenced to the penitentiary for an extended period of time based on the fact that the district attorney has decided that he has committed another offense alone without any evidence whatsoever. . . .