

# NUMBERS
# 13-14-00219-CR
# 13-14-00220-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANDREW DAVID REED a/k/a
JOSHUA REED,                                              Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

On appeal from the 252nd District Court
of Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

By two issues, appellant, Andrew David Reed, appeals his conviction. Reed

complains: (1) the trial court's sentencing was disproportionate and unreasonable thereby

violating his rights under the Eighth Amendment; and (2) the trial court's sentencing was disproportionate thereby violating his state constitutional right under Article I, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; *See* TEX. CONST. ART. 1, § 13. We affirm.

## I. BACKGROUND

On April 28, 2010, in trial court cause numbers 08-04699 and 08-04697, Reed pleaded guilty to the offenses of aggravated robbery, a first-degree felony, which carries statutory punishment range of a life sentence or not more than ninety-nine years or less than five years and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.32(a)(b) (West, Westlaw through Ch. 46 2015 R.S.). The trial court deferred adjudication and placed Reed on community supervision for a period of ten years and assessed a fine of $1,000. Subsequently, the State filed a motion to revoke in 2011, which was dismissed in 2012. The State filed another motion on July 2, 2013, alleging that Reed had violated several terms of community supervision such as: (1) driving while intoxicated; (2) public intoxication; (3) using marijuana and phencyclidine; and (4) failing to comply with program guidelines of the Substance Abuse Felony Punishment Facility ("SAFPF"). On March 24, 2014, at the hearing for the motion to revoke, Reed pleaded true to several counts: (1) driving while intoxicated; (2) public intoxication; (3) and (4) testing positive for marijuana and phencyclidine; (6) and (8) testing positive for marijuana; and (7) and (9) failing to comply with the rules of SAFPF. As a result, the trial court found Reed violated the terms of his community supervision on both cases, revoked his community supervision, found him guilty of the offenses of aggravated robbery, and

2

sentenced him to thirty years in the Institutional Division of the Texas Department of Criminal Justice.   The trial court ordered the sentences to run concurrently.   This appeal followed.

## II.  WAIVER

By his first issue, Reed argues that the trial court's sentencing was disproportionate and unreasonable, thereby violating his Eighth Amendment constitutional right against cruel and unusual punishment.   *See* U.S. CONST. amend. VIII. By his second issue, Reed also asserts that the trial court's sentencing was disproportionate, thereby violating his state constitutional right under Article I, section 13 of the Texas Constitution. *See* TEX. CONST. ART. 1, § 13.   Because these two issues are related, we will address them together.

### A.  Preservation of Error

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *See* U.S. CONST. amend. VIII.   The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV.   This right—like every constitutional or statutory right—can be waived by a "failure to object."   *Smith v. State*, 721 S.W.2d 844, 855 (Tex .Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object, the appellant did not preserve an argument that the sentence was grossly disproportionate to offense).   To preserve an error for appellate review, a party

must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi 2005, pet. ref'd). As a general rule, an appellant may not complain of an error pertaining to his sentence or punishment if he has failed to object or otherwise raise error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *see Quintana v. State, 777* S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment by failing to object); *cf. Papillion v. State*, 908 S.W.2d 621, 623 (Tex. App.—Beaumont 1995, no pet.) (holding defendant preserved issue by timely filing a motion for new trial even though he failed to object at sentencing or request to withdraw his plea). However, "a party is not required to make a contemporaneous objection to the imposition of an illegal sentence. Thus, an appellate court that otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence." *Trevino,* 174 S.W.3d at n. 4 ("A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.") (internal citations omitted).

## B. Discussion

Here, Reed never raised any complaint in the trial court regarding his sentence, nor did Reed complain of the sentence in any post-trial motion. *See Papillion*, 908 S.W.2d at 623. Instead, Reed raises this complaint for the first time on appeal. We hold that Reed has failed to preserve this issue for our review. *Quintana*, 777 S.W.2d at 479. As a result, we overrule his two issues.

4

### III. CONCLUSION

We affirm the trial court's judgments.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
30th day of July, 2015.