

# NUMBER 13-15-00208-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

VIRGINIA FAYE HOLLOWAY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 24th District Court
### of Jackson County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria**
**Memorandum Opinion by Justice Rodriguez**

Appellant Virginia Faye Holloway challenges her conviction for felony driving while intoxicated (DWI), enhanced to a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 12.42(a), 49.04(a); 49.09(b)(2) (West, Westlaw through 2015 R.S.). By one issue,

Holloway contends that the trial court assessed cruel and unusual punishment. We affirm.

## I. BACKGROUND[1]

Holloway was indicted for the offense of felony DWI. The indictment also alleged a prior felony conviction for DWI, making the charge a second-degree felony. *See id.* § 12.42(a) (setting out penalties for repeat and habitual felony offenders). Holloway waived a jury trial and entered her plea of guilty to the court without a plea recommendation. Holloway pleaded true to the enhancement paragraph that alleged a prior final felony conviction for the offense of DWI. At the conclusion of the evidence presented by the State and Holloway, the court found Holloway guilty of the offense alleged in the indictment and assessed punishment at ten years in the Institutional Division of the Texas Department of Criminal Justice. *See id.* § 12.33(a) (West, Westlaw through 2015 R.S.) (providing that a second-degree felony carries a punishment range of no fewer than two years' and no more than twenty years' imprisonment). This appeal followed.

## II. CRUEL AND UNUSUAL PUNISHMENT

By her sole issue, Holloway argues that the trial court should have sentenced her to a prison sentence shorter than ten years "under evolving standards of decency echoed in the [E]ighth [A]mendment" of the United States Constitution's prohibition for cruel and

---

[1] As this is a memorandum opinion and the parties are familiar with the facts and all issues of law presented by this case are well settled, we will not recite the facts or the law here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

unusual punishment.   *See* U.S. CONST. amends. VIII, XIV.   Holloway claims that "[a]pplying the evolving standards of decency that mark the progress of a maturing society [*see generally Trop v. Dulles*, 356 U.S. 86 (1958)], [her] prison sentence in this cause should be vacated and rendered for less than 10 years."   In response, the State contends that Holloway waived this issue because she did not raise a proper objection in the trial court.   Holloway concedes that she neither objected when the trial court pronounced her sentence nor raised the issue in a motion for new trial or any other post-trial motion.

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *See* U.S. CONST. amends. VIII.   But this right can be waived if a defendant fails to object to his sentence on this basis.   *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (en banc); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see* TEX. R. APP. P. 33.1(a)(1); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding that the defendant waived his cruel and unusual punishment complaints by failing to object); *cf. Papillion v. State*, 908 S.W.2d 621, 623 (Tex. App.—Beaumont 1995, no pet.) (holding that the defendant preserved his issue by timely filing a motion for new trial even though he failed to object at sentencing or to request withdrawal of his plea).

To preserve a complaint of cruel and unusual punishment, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial.   *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc); *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—

3

Corpus Christi 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1(a). Because Holloway did not object in the trial court and did not file a motion for new trial, she has not preserved this issue for our review. *See Rhoades*, 934 S.W.2d at 120; *Noland*, 284 S.W.3d 151–52; *Trevino*, 174 S.W.3d at 927–28; *see also* TEX. R. APP. P. 33.1(a).

Nonetheless, Holloway argues that this Court should consider her sentence as being disproportionate to her crime because she is an alcoholic and because "alcoholism is a disease." She asserts that "[w]hile alcoholism has a behavioral component (i.e., the afflicted chooses to drink), it is still a sickness, and so is different from crimes such as theft or assault, which are criminalized violations of moral codes common to all societies and cultures." Under the facts of this case, we are not persuaded by Holloway's argument.

While being an alcoholic is not a crime, driving while intoxicated is. *See* TEX. PEN. CODE ANN. § 49.09. Holloway was convicted of at least three misdemeanor DWIs and two felony DWIs before she received her second-degree felony DWI conviction.[2] In other words, Holloway demonstrated "a pronounced and prolonged inability to bring [her] conduct within the social norms prescribed by the criminal laws of the State of Texas," which is precisely the reason for habitual offender statutes. *Lackey v. State*, 881 S.W.2d 418, 422 (Tex. App.—Dallas 1994, pet. ref'd).

We overrule Holloway's sole appellate issue.

---

[2] The record reveals that prior to the instant DWI offense for which Holloway was convicted in this cause, she had been convicted of three misdemeanor DWI offenses, two felony DWI offenses, driving with a suspended license, assault on a public servant, retaliation, silent or abusive calls to 911, and criminal mischief. And Holloway had been charged with two other misdemeanor DWI offenses which were disposed of when she pleaded guilty on other offenses.

### III. Conclusion

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 24th
day of September, 2015.

5