

# NUMBER 13-15-00156-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GABIER GONZALES AKA HARVEY
GONZALES AKA JAVIER GONZALES,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Justice Rodriguez**

Appellant Gabier Gonzales aka Harvey Gonzales aka Javier Gonzales challenges his conviction for aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2015 R.S.). By one issue, Gonzales contends that the punishment in this case is cruel and unusual. We affirm.

## I. BACKGROUND[1]

Pursuant to a plea agreement, Gonzales pleaded guilty to aggravated robbery. On August 27, 2007, the trial court accepted the recommended plea and placed Gonzales on deferred-adjudication community supervision for eight years and assessed a $750.00 fine with restitution, if any, to the victim. On March 19, 2014, the State filed a motion to revoke Gonzales's community supervision. At the revocation hearing, after Gonzales pleaded true to all of the alleged violations, the trial court found the allegations to be true, adjudicated Gonzales's guilt, revoked his community supervision, and assessed punishment at fifteen years in the Institutional Division of the Texas Department of Criminal Justice. *See id.* § 12.32(a) (West, Westlaw through 2015 R.S.) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years."). This appeal followed.

## II. CRUEL AND UNUSUAL PUNISHMENT

By his sole issue on appeal, Gonzales contends "the sentence imposed by the trial court was disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments of the United States Constitution." *See* U.S. CONST. amends. VIII, XIV. Gonzales argues that the sentence was excessive and unconstitutional because it (1) made no measurable contribution to acceptable goals of punishment and was, therefore, a purposeless and needless imposition of pain and

---

[1] As this is a memorandum opinion and the parties are familiar with the facts and all issues of law presented by this case are well settled, we will not recite the facts or the law here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

suffering; and (2) was grossly out of proportion to the severity of the crime.   The State

contends, among other things, that Gonzales waived this issue because he did not raise

a proper objection in the trial court.   We agree with the State.

The Eighth Amendment to the United States Constitution provides that "[e]xcessive

bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted."

*Id.* at amend. VIII.   This right can be waived if a defendant fails to object to his sentence

on this basis.   *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (en banc);

*Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet.

ref'd); *see* TEX. R. APP. P. 33.1(a)(1).   To preserve a complaint of disproportionate

sentencing, the criminal defendant must make a timely, specific objection to the trial court

or raise the issue in a motion for new trial.   *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.

Crim. App. 1996) (en banc); *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d

925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1(a);

*Papillion v. State*, 908 S.W.2d 621, 623 (Tex. App.—Beaumont 1995, no pet.) (holding

that a defendant preserved a cruel-and-unusual-punishment issue by timely filing a

motion for new trial even though he failed to object at sentencing or request to withdraw

his plea).

Here, Gonzales did not object when the trial court pronounced his sentence and

did not raise the issue in a motion for new trial or any other post-trial motion.   Because

Gonzales did not object in the trial court, he has not preserved this issue for our review.

We overrule Gonzales's sole issue.

###### III. CONCLUSION

We affirm the trial court's judgment.


                                                    NELDA V. RODRIGUEZ
                                                    Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of October, 2015.