Ronald BRUNELLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–02–00156–CR.

Court of Appeals of Texas, Tyler.

July 31, 2003.

Jeff L. Haas, Tyler, for appellant.

Edward J. Marty, Tyler, for state.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and BASS, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

## *OPINION*

BILL BASS, Justice (Retired).

This is an appeal from the trial court's order granting the State's motion to "withdraw a plea" entered in a capital murder case. Appellant raises two issues on appeal. We vacate the trial court's order.

## *BACKGROUND*

On December 29, 1998, Appellant was indicted for the offense of capital murder. Pursuant to a plea agreement, on December 29, 1998, Appellant pleaded guilty to the lesser-included offense of murder, and on May 29, 1999, he was sentenced to confinement for life. The plea agreement between Appellant and the State required Appellant to testify against a co-defendant. On July 25, 2001, Appellant appeared in court and announced that he would not testify at the co-defendant's trial. Thereafter, the State filed a motion to withdraw the plea entered almost three years earlier. In its motion, the State asks the trial court to declare the plea agreement and the conviction unenforceable because of Appellant's breach and asks the trial court to allow it to proceed under another indictment for capital murder against Appellant. The trial court granted the State's Motion.

## *JURISDICTION*

In his first issue, Appellant contends the trial court had no jurisdiction to entertain or grant the State's motion more than two and one-half years after Appellant had been sentenced. Appellant argues that a withdrawal of the plea effectively vacates the conviction. He maintains that neither our constitution nor our statutes authorize the district court to set aside or withdraw a plea of guilty after the expiration of its plenary power.

The State argues that the order is not appealable because it serves only to inform the Appellant that because of Appellant's breach, the State is no longer bound by the plea agreement. According to the State, "the ruling of the trial court was an interlocutory ruling in an ongoing contractual dispute and there is no final order from which to appeal." The State also argues that although the court has lost jurisdiction to alter the judgment and sen-

tence, it preserves jurisdiction over contractual disputes involving the plea agreement.

█ We agree that, in general, contract law principles apply to the review of issues involving the content of a plea agreement. *See Ex parte Moussazadeh,* 64 S.W.3d 404, 411 n. 8 (Tex.Crim.App. 2001). The State as well as the appellant is entitled to the benefit of its bargain. *Ricketts v. Adamson,* 483 U.S. 1, 9–12, 107 S.Ct. 2680, 2685–87, 97 L.Ed.2d 1 (1987). The State is as entitled to specific performance of the plea agreement as is the defendant. *Hoang v. State,* 872 S.W.2d 694, 698 (Tex.Crim.App.1993). Even though the defendant has been convicted, if the State cannot receive the benefit of its bargain, the plea can be withdrawn and the parties returned "to their bargaining positions which led to the initial plea agreement." *Ex parte Sims,* 868 S.W.2d 803, 805 (Tex.Crim.App.1993). However, although contractual concepts apply to plea bargains, they cannot be enforced to the detriment of due process. *Ex parte Adkins,* 767 S.W.2d 809, 810 (Tex.Crim. App.1989).

If Appellant has breached the plea agreement, as appears to be the case, the State is entitled to the enforcement of its bargain. If specific performance is impossible, then the parties must be returned to the positions they occupied before the plea bargain. However, we cannot accept the State's position that even after the expiration of its plenary power, the trial court retains a species of contract jurisdiction enabling it to interpret the plea agreement and to set it aside if it determines the agreement has been breached.

█ It is well settled that only the court of criminal appeals has the authority to set aside a criminal conviction after the plenary power of the trial court has expired. *See Hoang,* 872 S.W.2d at 697. And it is also true that "[a] court does not lack authority to determine whether [a] prior judgment is void just because it has no authority to vacate the judgment...." *Id.* But the latter rule assumes a court whose jurisdiction has been legitimately invoked.

█ It is noteworthy that much of the case law relating to the breach of plea agreements is set out in habeas opinions from the court of criminal appeals. So it appears that, in Texas practice at least, a habeas proceeding is the ordinary and appropriate forum for the resolution of the issues involved.

We can find no precedent for the proceeding initiated by the State in this case, nor can we see any necessity or purpose for it. Appellant has been re-indicted for this offense, which should serve as adequate notice to Appellant that the State considers the plea agreement invalid. If Appellant believes this conviction still bars the subsequent prosecution, he may challenge the subsequent prosecution in an appropriate proceeding wherein he would have the opportunity to more fully develop the facts.

### CONCLUSION

We conclude the district court lacked jurisdiction. Therefore, the order is *vacated.* Because of our disposition of Appellant's first issue, we need not address Appellant's remaining issue. TEX.R.APP. 47.1.