Shannon Lorene **COSTILOW** a/k/a **Shannon Lorrine Costilow a/k/a Angel Elmore a/k/a Shannon Hebert, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–08–00559–CR, 09–08–00560–CR, 09–08–00561–CR.**

Court of Appeals of Texas, Beaumont.

Submitted May 10, 2010.

Decided Aug. 4, 2010.

C. Haden Cribbs, Jr., Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Ann Manes, Asst. Crim. Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

CHARLES KREGER, Justice.

Appellant, Shannon Lorene Costilow, appeals her convictions for the felony offense of forgery, and two separate offenses of possession of a controlled substance. On appeal, Costilow argues that the trial court erred by improperly intruding into the plea bargain process and by refusing to allow her to withdraw her guilty pleas. We hold that the trial court did not improperly intrude into the plea bargaining process. We further hold that the trial court did not err in refusing to allow Costilow to withdraw her guilty pleas. Finally, considering without finding the trial court erred in refusing to allow Costilow to withdraw her guilty pleas, the doctrine of invited error estops Costilow from asserting this complaint on appeal.

■ Costilow pled guilty to three offenses pursuant to a plea agreement in which the State consented and the trial court assessed punishment, as reflected in the modified plea agreement. Therefore, Costilow has no right to appeal under Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure and these appeals are dismissed.[1] *See* TEX.R.APP. P. 25.2(a)(2).

## Background

Costilow's trial counsel began the October 2008 plea hearing by requesting that the trial court reset the sentencing hearing. The trial court then asked Costilow's counsel for the basis of his request, to which counsel responded:

> I want to give her 30 days to come back and get her affairs in order before she goes in, if that's all right, with the understanding if she doesn't—if she gets another case or gets in trouble, then she could be exposed to the full range of punishment.

The trial court then asked the prosecutor if she had any objections to defendant's request, and the prosecutor stated she did not. Thereafter, Costilow entered a plea of guilty in each case pursuant to the modified plea bargain agreement. The trial court admonished Costilow on the punishment range for her offenses and explained that her failure to uphold her obli-

---

1. Although the trial court mistakenly entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal, we have no jurisdiction over the appeal. *See* TEX.R.APP. P. 25.2(a)(2); *see also Shankle v. State,* 119 S.W.3d 808, 813 (Tex.Crim.App.2003) (hold-ing that defendant had no right of appeal where punishment assessed did not exceed punishment recommended by prosecutor and agreed to by defendant). The trial court's erroneous certification does not constitute permission to appeal. *See Waters v. State,* 124 S.W.3d 825, 826–27 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd).

gations under the modified plea agreement would allow him to reject the terms of her original plea agreement and subject her to the full range of punishment. The trial court further confirmed that Costilow understood her obligations under this agreement included that she was not to break the law or get arrested during the thirty-day period. The trial court accepted the modified plea bargain agreement and reset the cases for sentencing in thirty days.

A week after Costilow entered her guilty pleas, she was arrested and charged with forgery and evading arrest or detention through the use of a vehicle. Despite her earlier agreement and in view of these arrests, Costilow asked the trial court at the November 2008 sentencing hearing to allow her to withdraw her guilty pleas. The trial court found Costilow had violated the terms of the modified plea agreement, and denied her request to withdraw her guilty pleas as provided under the modified agreement—thereby subjecting her to the full range of punishment for her offenses.

### Applicable Law and Analysis

*Judicial Function in Plea Bargaining Process*

■ A plea bargain is a contract between the State and the defendant. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim.App.2009); *Papillion v. State*, 908 S.W.2d 621, 624 (Tex.App.-Beaumont 1995, no pet.). When the State and the defendant knowingly and voluntarily enter into a plea bargain, they are jointly bound by the terms of that agreement once it is accepted by the trial court. *Moore v. State*, 295 S.W.3d at 331. The appellate courts look to the written agreement, as well as the formal record at the plea hearing, to determine the terms of the plea agreement. *See Ex parte Moussazadeh*, 64 S.W.3d 404, 411–12 (Tex.Crim.App.

2001). "[O]nly the state and the defendant may alter the terms of the agreement[.]" *Moore v. State*, 295 S.W.3d at 332.

■ The role of the trial judge is to follow or reject the agreement, not to modify its terms. *Id.;* TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon Supp.2009). If the trial court rejects the plea agreement, "the defendant shall be permitted to withdraw his plea of guilty or nolo contendere." TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2). A trial court exceeds its authority when it inserts additional, non-negotiated terms into a negotiated plea bargain agreement between the State and the defendant, and then makes acceptance or rejection of the plea bargain contingent on whether or not defendant complies with the additional, non-negotiated terms. *Papillion*, 908 S.W.2d at 624; *see also Moore v. State*, 295 S.W.3d at 332.

■ Appellant relies heavily on the Court of Criminal Appeals' decision in *Moore v. State*. Therein defendant, Jonathan Moore, complained that the trial court erred in improperly intruding into the plea bargaining process. 295 S.W.2d at 332–33. The Court of Criminal Appeals found that the defendant failed to preserve error by not raising objections in the trial court; consequently, the Court did not decide whether the trial court's actions improperly intruded into the plea bargain process. *Id.* While the opinion does not reach the trial court's actions, it does provide useful analysis for our review of this case. The defendant entered into a plea agreement with the State. *Id.* at 331. During the plea hearing, the trial court asked if sentencing was to take place at a later date. *Id.* The State indicated that a continuance was not part of the plea bargain, but that the State had no objection if the defendant and the court reached an agreement on the issue. *Id.* The trial

court offered to postpone the sentencing hearing, "with the condition that either [defendant] appeared for sentencing or his guilty plea would be converted to an open plea." *Id.* The defendant agreed to the additional terms, the court approved the plea bargain with these additions, and the defendant entered a plea of guilty. *Id.* Thereafter, the defendant failed to appear for sentencing and the trial court sentenced the defendant as if he had made an open plea. *Id.*

While Costilow shares some similarities with Jonathan Moore, the cases are distinguishable. Unlike Moore, Costilow requested the changes to the plea agreement. In Moore, the trial court initiated the changes to the agreement and entered into the plea bargaining process. The trial judge asked about a continuance of the sentencing hearing, the trial court reached an agreement with the defendant, and the trial court suggested the additional conditions. Here, while Costilow argues the trial court added conditions to her plea agreement with the State, the record does not support this claim; rather, the record reflects that Costilow's trial counsel requested these modifications to the plea agreement in order to obtain a thirty-day reset for sentencing. Costilow, not the trial court, requested a modification. The trial judge was silent on the request and modifications until Costilow reached an agreement with the State. Costilow suggested the specific terms of the modification. Unlike the circumstances in *Moore*, the record is clear that the trial court did not initiate or suggest these modifications. Although the State was expressly left out of the negotiations in *Moore*, here, the record reflects that the State agreed to modify the plea agreement to include the

additional conditions offered by Costilow's counsel.

The trial court's mere recitation and explanation to Costilow of the new conditions, which her attorney proposed, is not tantamount to the trial court's improper intrusion into the plea bargain process. The appellate record demonstrates that the trial court properly fulfilled its role as a neutral arbiter between Costilow and the State in the plea bargain process.

### *Appellant's Right to Withdraw Plea*

Costilow further complains that the trial court erred in not allowing her to withdraw her pleas of guilty after the trial court rejected the original plea bargain agreement at the sentencing hearing.

██ When a plea bargain exists, "the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere." TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2); *Moore v. State*, 295 S.W.3d at 333. "[W]hen the trial court is presented with a plea bargain agreement, it may choose only to enforce the terms of the agreement or to reject the agreement." *Zinn v. State*, 35 S.W.3d 283, 287 (Tex. App.-Corpus Christi 2000, pet. ref'd).

In *State v. Moore*, the Court of Criminal Appeals held that defendant, Joshua Moore, did not have a right to withdraw his guilty plea when the trial court accepted and followed an enforceable plea agreement. *State v. Moore*, 240 S.W.3d 248, 254–55 (Tex.Crim.App.2007).[2] The State

---

**2.** *Moore v. State* and *State v. Moore* are separate but related cases, wherein the defendants are brothers who were each indicted for the same crime, manufacturing methamphet-

amine, and both pled guilty pursuant to negotiated plea agreements with the State. *See Moore v. State*, 295 S.W.3d at 329; *State v. Moore*, 240 S.W.3d at 248.

agreed to recommend a punishment of twenty-five years and agreed to a six-week postponement of the sentencing hearing, so that Joshua could prepare for incarceration. *Id.* at 249. In return, Joshua promised to plead guilty to the charge, appear for his sentencing and refrain from committing any criminal offenses during this six-week period. *Id.* The agreement further provided that, should Joshua fail to abide by these terms, the State would not recommend punishment; the plea would become an open plea for the trial court to determine the sentence based on the full punishment range, up to life in prison. *Id.* Joshua breached the terms of the agreement by committing an assault during the six-week period. *Id.* Pursuant to the plea agreement, the State refrained from making a sentencing recommendation. *Id.* The Court of Criminal Appeals noted, "[i]t was not the trial judge who imposed these requirements on the appellant; the appellant and the State mutually agreed to these terms." *Id.* at 253. The Court further explained:

> The record shows that it was the appellant, not the State, who benefitted from the six-week deferment of sentencing. It is only reasonable that the State should obtain something in return, namely, assurances by the appellant that he would appear for his sentencing hearing and that he would not commit a crime during the interim. Both of these assurances benefitted the State and were intelligently negotiated. In order to assure that the appellant would abide by these terms, the State and the appellant expressly agreed that if the appellant should fail to appear at the sentencing hearing or committed a criminal offense, then the State would be relieved of its duty to recommend a twenty-five-year sentence. It was not contemplated, however, that the appellant should then be relieved of his ulti-

mate agreed-upon obligation to enter a guilty plea. Instead, the agreement itself provided for an appropriate remedy. The parties used the term "open plea" at the plea bargain hearing, essentially acknowledging that the guilty plea would become open as to sentencing implications.

*Id.* at 253–54. The Court of Criminal Appeals found the parties entered into a valid, enforceable plea agreement, the terms of which allowed the trial court to refuse Joshua the right to withdraw his guilty plea. *Id.* at 254–55.

■ Costilow argues that the trial court erred by not allowing her to withdraw her plea after the trial court rejected her plea bargain agreement. Taken as a whole, the record reflects that while the trial court rejected the original plea agreement, he did not reject the modified plea agreement. The modified agreement in this case is similar to the agreement in Joshua Moore's case. *State v. Moore,* 240 S.W.3d at 249. As in this case, in *State v. Moore,* the requirements of allowing the reprieve were not imposed by the trial judge, but rather agreed to by the parties. Costilow, not the State, benefited from the thirty-day deferment of sentencing. The agreement did not contemplate that Costilow would be relieved of her ultimate agreed-upon obligation to enter a guilty plea should she fail to uphold her promises. Rather, Costilow's agreement provided the State with an appropriate remedy should she fail to uphold her agreement—an open plea. While the parties did not use the term "open plea" at the hearing, they essentially acknowledged that the guilty plea would become open as to sentencing implications.

By refusing to allow Costilow to withdraw her guilty pleas, the trial court was enforcing the terms of the modified plea agreement. The trial court found that

Costilow failed to uphold her obligations under the modified plea agreement, thereby subjecting her to the full range of punishment allowed.

Finally, while considering but without finding the trial court erred in refusing to allow Costilow to withdraw her guilty pleas, Costilow is precluded from raising any such error under the invited error doctrine. It is well established law in Texas that "[i]f a party affirmatively seeks action by the trial court, that party cannot later contend that action was error." *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim.App.1999).

The doctrine of invited error applies " '[w]here a party by a request for a ruling leads the court into error[.] [H]e should be precluded from claiming a reversal of the judgment by reason of the error so committed. To hold otherwise would be to permit him to take advantage of his own wrong.' " *Prystash*, 3 S.W.3d at 531 (quoting *Carbough v. State*, 49 Tex.Crim. 452, 455, 93 S.W. 738, 739 (1906)). "Just as the law of entrapment estops the State from making an offense of conduct that it induced, the law of invited error estops a party from making an appellate error of an action it induced." *Id.*

Costilow requested the terms of the modified plea bargain agreement with the State. She received the benefit of her request for thirty days to get her affairs in order. Only after the agreement was no longer beneficial to her, did she complain of the very terms that she requested be made a part of her agreement with the State. At the sentencing hearing, Costilow conceded that she understood the terms of the modified agreement she entered into with the State. Costilow failed to comply with the terms she requested and received the punishment she understood was possible when she entered into the modified agreement. *See State v.*

*Moore*, 240 S.W.3d at 250–51 (recognizing that the State and the defendant are given "great latitude" in crafting agreements). Consequently, while considering but without finding error, we hold that the doctrine of invited error estops Costilow from complaining on appeal about the trial court's enforcement of the modified plea bargain agreement—thereby precluding Costilow from withdrawing her guilty pleas.

Because Costilow pled guilty to three offenses pursuant to a modified plea agreement between the State and Costilow, and because the trial court assessed punishment as reflected in the modified plea agreement, Costilow has no right to appeal under Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. Tex.R.App. P. 25.2(a)(2).

APPEALS DISMISSED.

DAVID GAULTNEY, Justice, dissenting.

I respectfully dissent. This Court has jurisdiction over the appeals. Costilow's request for a delay in sentencing did not "invite error," and she is not estopped from raising the issue she raises in this appeal.

Under *Moore v. State*, "[a] trial court may conditionally agree to follow a plea-bargain agreement, but only by delaying the unconditional acceptance or rejection of the agreement until after the condition of acceptance has been fulfilled." *Moore v. State*, 295 S.W.3d 329, 332 (Tex.Crim. App.2009). That is what happened here. Subject to a condition, the trial court agreed to follow the plea bargain agreement between the State and Costilow. That condition was not part of Costilow's plea agreement with the State. Costilow requested a delay in sentencing from the trial judge so that she could get her affairs in order. The prosecutor did not offer the agreement, but only indicated she did not object to the arrangement between the

trial court and Costilow. "Only the state may offer or withdraw a plea bargain." *Moore,* 295 S.W.3d at 333.

There was no new or modified plea agreement between the State and Costilow. Instead, the trial court accepted the plea agreement in each case and conditioned (at Costilow's request) the acceptance upon Costilow's not "get[ting] another case or get[ting] in trouble" during the thirty-day delay in sentencing. During the sentencing hearing, defense counsel characterized the condition as "the agreement [Costilow] had with the Court not to get in trouble[,]" rather than as an agreement with the State. Because Costilow did not fulfill the condition, the trial court stated at the sentencing hearing, "[T]he plea bargains are rejected on that basis; and I find her guilty in [numbers] 1704, 1703, and 00937." Having rejected the plea agreement between Costilow and the State, the trial court erred in refusing to permit Costilow to withdraw her guilty pleas. The judgment should be reversed and the case remanded to the trial court.