

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00027-CR

Antonio **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 528149
Honorable Scott Roberts, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed: December 19, 2018

AFFIRMED

Appellant Antonio Espinoza Garcia was convicted of theft, alleged to have occurred on October 6, 2016, by a Bexar County jury and sentenced to six months in the Bexar County Jail, suspended and probated for a period of one year, and a fine in the amount of $500.00. On appeal, Garcia contends the trial court erred in allowing inappropriate bolstering, hearsay, and testimony in violation of Texas Evidentiary Rules 401, 403, and 404(b). Garcia also contends the trial court denied Garcia the right to cross-examine witnesses; and, finally, Garcia argues the evidence was insufficient to support the jury's verdict. We affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Paul Hettler, the loss prevention supervisor at the Kohl's department store, was the State's first witness. Hettler's responsibilities focused on the safety and security of Kohl's merchandise. With eighteen years' experience, most of Hettler's work relies primarily on floor surveillance by Kohl personnel and CCT camera surveillance.

Hettler identified a video-taped recording, recorded by Kohl's surveillance system on October 6, 2016, during the incident in question. Hettler described the contents of the video-taped recording and identified Garcia as the individual he witnessed walk into the Kohl's store with a female, later identified as Elizabeth Bobbiejo. Bobbiejo attempted to make returns on items that she brought into the store; however, when the items did not match the receipt she presented, the Kohl's associate denied the returns. Hettler testified Garcia and Bobbiejo walked around the store for a short time and then attempted to return the same items to a different associate.

A short time later, Hettler was called to the camera room where he saw Bobbiejo take a Sonicare "diamond" toothbrush. Because there were blind spots for the cameras, Hettler walked back out on the floor for better visual surveillance of Garcia and Bobbiejo. While Hettler was on the floor, he maintained contact with Juan Ramirez, the loss prevention officer in the camera room. After placing multiple items in their cart, Garcia and Bobbiejo returned to customer service—they produced receipts for some items but not others. Hettler testified he witnessed Bobbiejo take several items out of the store for which neither she nor Garcia paid and place them in the vehicle.

Hettler further testified that he witnessed Garcia, who was outside of the Kohl's store and holding the diamond toothbrush, walk back into the store and over to the customer service counter, to where Bobbiejo had returned. Hettler testified Garcia did not pay for the toothbrush and no one gave him permission to take the toothbrush.

The State next called Juan Ramirez who testified he identified two suspects inside the store on October 6, 2016.  Ramirez, who was working video surveillance on the day in question, further testified that Garcia entered the store with Bobbiejo at 3:50 p.m.  Bobbiejo took a Sonicare toothbrush "off the floor" and attempted to return the item at customer service.  After Bobbiejo and Garcia unsuccessfully attempted to return the item, she handed the item to Garcia and he walked out of the store with the toothbrush.  Ramirez met Garcia and Bobbiejo outside of the store and escorted both Garcia and Bobbiejo back into the store and waited for police officers to arrive.  Ramirez testified that Garcia denied knowledge of the toothbrush and denied any wrongdoing.

The last witness called was Live Oak Police Department Officer Greg Castro.  Officer Castro was dispatched to the Kohl's department store in reference to an ongoing theft.  He made contact with Hettler and was notified that the two suspects had been detained by loss prevention.  Officer Castro identified Garcia as the male suspect from the scene that day.  The officer further testified that shortly after he arrived at Kohl's, he handcuffed Garcia for officer safety, identified Garcia, and then asked him what happened.

> [Garcia] said that he was handed an item and he said he believed it was paid for.  [Garcia and Bobbiejo] had numerous receipts from other items that they walked into the store with and it was just a matter of comparing.

Although Garcia contended there was a receipt that matched the toothbrush in question, Officer Castro testified the SKU number, which is unique to each item in the store, did not match.  Officer Castro then reviewed the video-taped surveillance and verified that Garcia was "handed an item, the toothbrush, and exit[ed] the store—exit[ed] all—passing all points of sale and exit[ed] the store with the item in hand."  Based on the evidence and his investigation, Officer Castro testified that he believed probable cause existed that Garcia and Bobbiejo were working together to commit theft against Kohl's.  Lastly, Officer Castro identified a photograph, State's Exhibit #2, taken prior to leaving the scene showing Garcia and the clothes he was wearing.

## PRESERVATION OF ERROR ISSUES

In his first issue, Garcia contends the trial court erred in allowing the State to admit State's Exhibit #2, a photograph which depicted Garcia under arrest, with his hands cuffed behind his back. Garcia contends the photograph bolstered the video-taped recording evidence already presented by the State and was highly prejudicial and cumulative.

### A. Bolstering: State's Exhibit #2

#### 1. Objection before the Trial Court

Appellate counsel contends the exhibit is bolstering. At trial, Garcia's counsel argued the photograph was more prejudicial than probative, Garcia had already been identified by two other witnesses, the photograph was cumulative, and therefore the photograph was irrelevant. In response, the State explained it was difficult to see Garcia's face clearly on the surveillance video and State's Exhibit #2 provided the jury a picture of the "shirt to help them identify what they're looking at in the store." The prosecutor further argued, "it also corroborates our witness testimony because our witnesses said that [Garcia] was wearing a Cowboys shirt, and this is a Cowboys shirt, so it is extremely probative because it corroborates *and bolsters* our witness." (emphasis added).

Assuming the issue was preserved, we turn to whether State's Exhibit #2 was improper bolstering.

#### 2. Bolstering

"We review the trial court's decision to admit or exclude evidence . . . under an abuse of discretion standard. The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement." *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010) (internal citations omitted). "Bolstering" refers to any evidence offered for the *sole purpose* of convincing the factfinder that a particular witness or other source of evidence is credible, "without substantively contributing to make the existence of a fact that is of consequence

to the determination of the action more or less probable than it would be without the evidence." *Cohn v. State*, 849 S.W.2d 817, 819–20 (Tex. Crim. App. 1993) (internal quotations omitted).

Here, the State explained the video-taped surveillance was difficult to see at times. Both Hettler and Ramirez also indicated the same during their testimony. Prior to offering State's Exhibit #2, the State explained the photograph was being offered to provide the jury an opportunity to see what Garcia was wearing on the day in question, so the jury could better determine which individual on the surveillance video-tape was Garcia. Because the State provided a reasonable and probative need for the evidence in question, other than for the "sole purpose" of bolstering, we cannot conclude that the trial court abused its discretion by admitting State's Exhibit #2 depicting Garcia as he appeared on the day in question. *See Martinez*, 327 S.W.3d at 736. We overrule Garcia's first issue.

We next turn to Garcia's third issue regarding the trial court's alleged error in limiting his defense counsel's cross-examination of Ramirez.

**B. Surveillance Videotape: Denial of Cross-Examination**

Garcia argues the trial court erred in limiting his cross-examination of Ramirez because Ramirez failed to answer his questions, Ramirez's answers were obtuse, and Ramirez created a false impression with the jury. The State counters Garcia's contention on appeal is different than his objections at trial and his arguments are not preserved for appeal.

*1. Preservation of Error*

We must first determine whether Garcia preserved his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(1). A defendant must "make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint." *Johnson v. State*, 365 S.W.3d 484, 491 (Tex. App.—Tyler 2012, no pet.); *see also Haley v. State*, 173 S.W.3d 510, 516–17 (Tex. Crim. App. 2005). "This rule ensures that trial courts are provided an opportunity to correct their

own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002).

     2.    *Objection before the Trial Court*

During cross-examination of Loss Prevention Officer Ramirez, Garcia's defense counsel questioned the length of the video-taped recording. Ramirez testified the recording begins at 3:11 and the interview ended at 4:15. There was some question whether additional recordings were made and available to the defense. Ramirez testified the video-taped recording included "the whole incident," but further explained that the store does not record anything that occurs inside the loss prevention offices. Garcia's defense counsel then inquired as follows:

| | |
|---|---|
| Defense Counsel: | Okay. Now, is there any evidence that my client knew the toothbrush was not paid for? |
| State: | Objection, your Honor. Argumentative. I mean, he's asking for evidence when he's, like, obviously testified to what he knows and what he saw and what was said. |
| Trial Court: | I'll sustain the objection. *Rephrase the question*. |
| Defense Counsel: | *Okay. Did my client ever make a statement about whether he knew the toothbrush was paid for or not?* |
| Ramirez: | He just claimed that he did not know what was going on, that he does not know why he was in the office. |

(emphasis added). After the State redirected Ramirez, Garcia's defense counsel returned to the same line of questioning.

| | |
|---|---|
| Defense Counsel: | You said my client said he didn't know why he was there, correct? |
| Ramirez: | That is correct. |
| Defense Counsel: | And you also said my client said that he didn't take anything, correct? |
| Ramirez: | He just said that he did not know why he was there. |
| Defense Counsel: | But that's enough to make a verbal admission to you? |
| Ramirez: | He's just claiming that he did not know what he—what he was there for. |

Defense Counsel: Well, you said in your report he verbally admitted to communicating a theft, correct?

Ramirez: Yes.

Defense Counsel: But you don't know what he said?

Ramirez: He just admit—he just said he did not know what he was in the office for.

Defense Counsel: So that would not be an admission, correct?

. . . .

State: *Asked and answered. He's—he's repeated himself several times. This is what he remembers being told.*

Trial Court: I'll sustain the objection.

Defense Counsel: *Okay. So he did not say, I know I took that without paying, correct?*

Ramirez: He did not say that. No, that wasn't his words.

(emphasis added).

### 3.     Lack of Preservation

Garcia contends the trial court denied his right to cross-examine the witness and to present a defense. There are two objections about which Garcia complains. After the State's first objection, the trial court instructed defense counsel to rephrase, which he did. After the State's second objection, although the trial court did not instruct defense counsel to rephrase, that is exactly what defense counsel did.

Defense counsel did not object, in either situation, that the trial court was limiting his right to cross-examination or that the trial court was denying Garcia his right to present a defense. *See Johnson*, 365 S.W.3d at 491 (requiring sufficient specificity for trial court to understand nature of the complaint); *Hull*, 67 S.W.3d at 217 (providing trial court opportunity to correct mistake). Because defense counsel failed to object, Garcia failed to preserve error for appellate review and we overrule this issue. *See Johnson*, 365 S.W.3d at 491; *Haley*, 173 S.W.3d at 516–17.

**HEARSAY**

In his second issue, Garcia contends the trial court erred in allowing the improper admission of hearsay testimony in violation of his Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Texas Constitution. U.S. CONST. amend. VI, XIV; TEX. CONST. art. I, § 10.

Garcia specifically points to the testimony of Hettler, the loss prevention officer. The statement to which defense counsel objected was Hettler's response to a question—asked by defense counsel—that the customer service representative "called us and she said, 'They're trying to confuse me.'" On appeal, Garcia contends the answer was impermissible hearsay; the State counters Garcia's defense counsel elicited the testimony and cannot now complain on appeal. We agree with the State.

The following exchanged occurred during Hettler's cross-examination:

| | |
|---|---|
| Defense counsel: | So this is about when [Garcia]—he walks up to the front. You say helping [Bobbiejo]. How is he helping her? |
| Hettler: | By distracting the customer service representative. |
| Defense counsel: | And how do you know the customer service representative is distracted? |
| Hettler: | Because she called us and she said, "They're trying to confuse me." |
| Defense counsel: | Judge, I'm going to object to hearsay. |
| Trial Court: | You—you asked the question. |
| Defense counsel: | Well— |
| Trial Court: | He's responding to your question. |
| Defense counsel: | He can't—he can't answer with hearsay. |
| Trial Court: | You asked the question. |
| Defense counsel: | And so— |
| Trial Court: | And I'm going to overrule. I'll allow him to answer the question. |

To the extent that Garcia is complaining about Hettler's testimony in response to a question asked during his defense counsel's cross-examination, we conclude Garcia cannot complain on appeal of testimony his defense counsel elicited during cross-examination. *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) ("[T]he law of invited error estops a party from making an appellate error of an action it induced."); *Ingham v. State*, 679 S.W.2d 503, 507 (Tex. Crim. App. 1984) ("[Appellant] cannot complain of testimony he first elicited on cross-examination."); *see also Costilow v. State*, 318 S.W.3d 534, 540 (Tex. App.—Beaumont 2010, no pet.) (when a party leads a court into error, he should be precluded from claiming reversal of judgment by reason of the error so committed). Accordingly, based on the testimony and argument presented in Garcia's brief, we overrule Garcia's issue as to hearsay.

We next turn to Garcia's contention the State failed to present sufficient evidence to support the offense of theft.

### SUFFICIENCY OF THE EVIDENCE—LACK OF INTENT

### A. Standard of Review

In reviewing the sufficiency of the evidence, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011); *accord Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). "This standard recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence. . . ." *Adames*, 353 S.W.3d at 860; *accord Gear*, 340 S.W.3d at 746. The reviewing court must also give deference to the jury's ability "to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is

sufficient to support the conviction." *Id*. (citing *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)).

We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). We defer to the jury's responsibility to fairly resolve any conflicts in the evidence, weigh the evidence, and draw reasonable inferences. *See Hooper*, 214 S.W.3d at 13. The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *See id.*; *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). In conducting a sufficiency review, "[w]e do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure that the jury reached a rational decision." *Young*, 358 S.W.3d at 801.

**B.      Theft**

A person commits the offense of theft if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a). To appropriate property means "to acquire or otherwise exercise control over property other than real property," or to transfer "title to or other nonpossessory interest in" property to a person other than the property's owner. *Id*. § 31.01(4). Appropriation is unlawful if it is without the owner's effective consent. *Id*. § 31.03(b)(1).

Our courts have long held that circumstantial evidence may support a criminal conviction. *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014); *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013). "It is not necessary that the evidence directly proves the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt." *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *see Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). The *Acosta*

Court explained it is not the independent facts suggesting the defendant's guilt to which an appellate court looks, but instead whether "the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances." *Acosta*, 429 S.W.3d at 625 (quoting *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)).

**C.    Intent**

Garcia specifically challenges the State's evidence to support that he possessed the requisite intent to commit the offense of theft.

"Intent is almost always proven by circumstantial evidence." *Edwards v. State*, 497 S.W.3d 147, 157 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Trevino v. State*, 228 S.W.3d 729, 736 (Tex. App.—Corpus Christi 2006, pet. ref'd)); *see also Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) ("Direct evidence of the requisite intent is not required[.]").  A jury may infer intent from circumstantial evidence, including the acts, words, and conduct of the accused. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) ("Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone may be sufficient to establish guilt.").

**D.    Analysis**

The jury was permitted to draw reasonable inferences and deduce logical consequences from the evidence. *See Tate*, 500 S.W.3d at 413; *Hooper*, 214 S.W.3d at 16.  Furthermore, jurors are called upon to "use common sense and apply common knowledge, observation, and experience gained in ordinary affairs when drawing inferences from the evidence." *Acosta*, 429 S.W.3d at 625.

Garcia was found outside the store, in possession of the merchandise, for which he had not paid.  That evidence alone is sufficient to support the jury's finding of intent. *See Candelaria v.*

*State*, 776 S.W.2d 741, 742 (Tex. App.—Corpus Christi 1989, pet. ref'd); *Castle v. State*, 718 S.W.2d 86, 89 (Tex. App.—Fort Worth 1986, no pet.).  Yet, the jury also heard the testimony of three witnesses and watched the surveillance video-tape.  Viewing "all of the evidence in the light most favorable to the verdict" and affording deference to the jury's ability "to draw reasonable inferences," *Hooper*, 214 S.W.3d at 13, we conclude the evidence supports that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Adames*, 353 S.W.3d at 860.  Accordingly, we overrule Garcia's issue relating to the sufficiency of the evidence.

### FAILURE TO SUPPRESS EVIDENCE

In his last appellate issue, Garcia contends "the trial court abused its discretion when it failed to suppress certain evidence admitted in violation of Texas Rules of Evidence 401, 403, and 404(b)."  *See* TEX. R. EVID. 401, 403, 404(b).

Prior to Hettler testifying, and outside the presence of the jury, the attorneys approached the bench.  Based on defense counsel's objection to the testimony he anticipated the State would elicit from Hettler, the State proffered as follows:

> [W]e believe the evidence will show . . .  that the gift cards that are being alleged here were received in exchange for items taken at another store, and fraudulently or . . . deceptively exchanged at this store for gift cards.

The trial court overruled the objection.

The jury returned to the courtroom and Hettler was called by the State.  The only question asked by the State pertaining to gift cards was as follows:

> State:     What about any gift cards on [Garcia]?
> Hettler:   None.  I believe those were on [Bobbiejo].

No objection was lodged by defense counsel.

Garcia does not specify in his brief what actual evidence was admitted before the jury that was prejudicial or in violation of Texas Rules of Evidence 401, 403, or 404(b). Texas Rule of Appellate Procedure 38.1(i) requires the briefs to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Moreover, this court does not have an obligation to construct and compose Garcia's issues, facts, and arguments with appropriate citations to authorities and to the record. *See Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008). "Assuming, therefore, that [Garcia] could establish that [the trial abused its discretion in failing to suppress certain evidence], he still presents nothing for review." *Id*. (citing *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000)). In failing to specify what factual dispute was raised and how it was material to the lawfulness of any evidence that was introduced at trial, Garcia waived his objections and presents nothing for review. *See* TEX. R. APP. P. 38.1(i). Accordingly, we overrule his last issue on appeal.

## CONCLUSION

Having overruled each of Garcia's issues on appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH